UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

NATIONAL EMS INSTITUTE INC.,

Plaintiff,

v.

NEW ENGLAND MEDICAL TRAINING INSTITUTE, INC.,

Defendant.

CIVIL ACTION NO.: ________________

**JURY TRIAL DEMANDED**

**COMPLAINT**

Plaintiff, National EMS Institute Inc. ("Plaintiff" or "National EMS"), brings this Complaint against Defendant New England Medical Training Institute, Inc. ("Defendant" or "NEMTI") for servicemark infringement, servicemark dilution, unfair competition, unfair and deceptive trade practices, and unjust enrichment. Plaintiff is a leader in the emergency medical services education industry. Its business includes offering various educational and training services to healthcare providers, including prospective emergency medical technicians ("EMTs"). Plaintiff's programs include its EMT Boot Camp and EMT Fast Track courses, which are designed to certify EMTs on an accelerated basis.

Since at least as early as August 1, 2006, National EMS has continuously used the "EMT Boot Camp" and "EMT Fast Track" marks, defined below, in commerce and in connection with its business in New England, including the substantial business it receives from Massachusetts and Rhode Island residents. Plaintiff has taken steps to protect the National EMS Marks by registering them with the Commonwealth of Massachusetts, and investing heavily in advertising to connect its services with the National EMS Marks.

NEMTI is a direct competitor of Plaintiff. Defendant has taken affirmative steps to capitalize on Plaintiff's established goodwill and to mislead Plaintiff's customers/prospective customers. This includes, without limitation, Defendant's unlawful adoption of National EMS' marks referenced above along with its marketing, advertising, and sale of services using National EMS' intellectual property to Plaintiff's prospective customers. This has damaged and will continue to damage Plaintiff irreparably. By filing this action, Plaintiff seeks preliminary and permanent injunctive relief enjoining Defendant from any further marketing of Plaintiff's services and further seeks damages, including treble damages, resulting from Defendant's wrongful actions.

**PARTIES**

1. Plaintiff, National EMS Institute Inc., is a Massachusetts corporation with its principal office at 90 Main Street in Carver, Massachusetts. Plaintiff is a provider of educational and training services for the emergency medical services education industry. Plaintiff advertises, promotes, sells, and provides its services in interstate commerce in the United States, specifically including the Commonwealth of Massachusetts.

2. Upon information and belief, Defendant New England Medical Training Institute, Inc. is a Massachusetts corporation with its principal office at 734 Newport Avenue, Suite 2, in Attleboro, Massachusetts.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(b). In addition, this Court has pendent jurisdiction over Plaintiff's claims rising under Massachusetts law pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because Defendant has a principal place of business in Massachusetts. Defendant also transacts business within the Commonwealth, has committed tortious acts or omissions within this Commonwealth, and has otherwise established contacts within this Commonwealth sufficient to make the exercise of personal jurisdiction proper.

5. Venue in this Court is proper under 28 U.S.C. § 1391(b) and (c).

## FACTUAL BACKGROUND

### *National EMS Institute Inc.'s Business and Services*

6. National EMS' business includes providing educational and training services to prospective EMTs.

7. It is certified by the Commonwealth of Massachusetts as an Accredited EMT Training Institution.

8. Plaintiff offers various EMT training programs to the public, including its "EMT Boot Camp" and "EMT Fast Track" programs.

9. These programs allow students to become certified EMTs on an accelerated basis.

10. Plaintiff offers its EMT Fast Track course at various locations in Massachusetts.

11. In addition, National EMS regularly offers its EMT Boot Camp at its facility in Carver, Massachusetts.

12. Since at least as early as August 1, 2006, National EMS has continuously used the "EMT Boot Camp" and "EMT Fast Track" marks (the "National EMS Marks") in commerce and in connection with its business in New England. *See*, *e.g.*, Exhibits A-D.

13. Plaintiff has taken steps to protect the National EMS Marks by registering them with the Commonwealth of Massachusetts.

14. It has also invested in advertising in print publications, on line and on radio stations in Massachusetts and Rhode Island to connect its services with the National EMS Marks.

15. Plaintiff extensively advertises its business using the National EMS Marks.

16. For example, it incorporates the National EMS Marks on promotional materials and, of course, its website. *See, e.g.,* https://www.rapidsafety.com and

17. Plaintiff directs its advertisements to prospective students in, among other locations, Massachusetts and Rhode Island.

18. Thus, Plaintiff's business depends upon its ability to reach its potential customers through the internet.

19. Through substantial advertising efforts and continuous operation for more than ten years, the public has come to associate the National EMS Marks with the services provided by National EMS.

20. National EMS has established substantial goodwill in its services, including the National EMS Marks.

21. The National EMS Marks have played a significant role in Plaintiff's success.

***NEMTI's Business and Appropriation of the National EMS Marks***

22. Upon information and belief, NEMTI is a provider of educational and training services for prospective EMTs.

23. Defendant is a direct competitor of National EMS.

24. NEMTI offers one or more competing services to residents of Massachusetts.

25. It also offers one or more competing programs to residents of Rhode Island.

26. NEMTI is aware of the reputation, business operations, and substantial goodwill associated with the National EMS Marks.

27. NEMTI, however, intentionally chose to operate in one or more of the same markets using the National EMS Marks.

28. It operates in Massachusetts.

29. NEMTI also operates in Rhode Island.

30. Defendant has taken one or more deliberate steps to capitalize on Plaintiff's established goodwill.

31. For example, Nicholas Spencer is a former student of National EMS.

32. He attended Plaintiff's EMT Boot Camp program in or around February of 2011.

33. Thus, Mr. Spencer learned Plaintiff's business operations first-hand.

34. Upon information and belief, Mr. Spencer subsequently became associated with NEMTI.

35. Upon information and belief, Mr. Spencer is the Chief Executive Officer of NEMTI.

36. Upon information and belief, Mr. Spencer assisted NEMTI regarding some, if not all, of the conduct complained of herein.

37. In or around July of 2012, Mr. Spencer offered to sell to Plaintiff the website domain www.emtbootcamp.com.

38. Mr. Spencer informed Plaintiff that if it refused to purchase the website from him, then he would sell the domain name to another emergency medical services school.

39. Defendant is currently utilizing www.emtbootcamp.com.

40. In addition, NEMTI has advertised, and continues to advertise, its EMT classes using the phrases "Boot Camp" and "Fast Track" on its websites www.emtbootcamp.com and www.newenglandmedicaltraining.com. *See*, *e.g.*:

emtbootcamp.com
How Can We Help?
(800) 255-5660
Mon - Fri 9:30 am to 6 pm
New England
MEDICAL TRAINING INSTITUTE
NEW ENGLAN
MEDICAL TRAINING INSTITU
Training
AMBULANCE
WWW.EMTBOOTCAMP.COM
(800) 255-5660
NO PARKING ANY TIME
"Real World Training in Real Time"
https://newenglandmedicaltraining.com/service/emt-training/
Enrollment Center Hours: Mon - Fri 9:30 am - 5 pm
Located next to Dr. Daycare in Pawtucket
E-mail: contact@nemedtraining.com
NEW ENGLAND
MEDICAL TRAINING INSTITUTE
Meet Our Instructors
Courses
Enroll Today
Contact
EMT Training
Request More Infor
Course *
Certified Medic
Name *
Phone *
Email *
How did you find us? *
Submit
Immersion learning at its best!
During our EMT training program we flip vehicles, run ambulances, and do full patient assessments. The mock calls that you go on during the EMT Boot Camp are actual calls EMS has gone out on, and are designed to get you to be able to deal with the worst of the worst scenarios.
New England Medical Training Institute's certified EMS instructors are the best in the industry, including EMT-Paramedics, firefighters, and experts in critical care management. They provide expert instruction and individualized training to ensure your EMT-Basic training meets and exceeds the high expectations for all NEMTI courses.
New England Medical Training Institute's team of rescue professionals designed this accelerated EMT training course. The curriculum is comprehensive, efficient, and satisfies eligibility requirements for the National Registry, State and EMT certification.
Boot Camp
Classes meet Monday through Friday from 10am to 5:30pm for 140 hours.
Fast Track
Classes meet Monday, Wednesday, Friday from 6pm to 10pm & Saturday from 10am to 2pm for 140 hours.

41. NEMTI advertises these services to residents of Massachusetts.

42. It also advertises these programs to residents of Rhode Island.

43. NEMTI is attempting to pass itself off as being associated with National EMS.

44. For example, NEMTI's use of "Boot Camp" and "Fast Track" is confusingly similar to the National EMS Marks.

45. This has resulted in actual confusion.

46. For example, a prospective customer from Rhode Island contacted Plaintiff about Defendant's Boot Camp course in February 2017.

47. That individual indicated that he thought that Plaintiff was affiliated with the Rhode Island Boot Camp.

48. Incidents of actual confusion will only escalate as NEMTI continues to use the National EMS Marks.

49. In addition, NEMTI has copied more than one of the certifications used by National EMS as part of its EMT Boot Camp and Fast Track programs.

50. Upon information and belief, however, NEMTI does not have all the requirements necessary provide at least one such certification to its students.

51. In addition, and upon information and belief, however, NEMTI has posted false or misleading reviews on its website regarding its "EMT Boot Camp" program. *See*, *e.g.*:



52. Upon information and belief, NEMTI had not conducted a single EMT Boot Camp course when these reviews were posted on Defendant's website.

53. NEMTI posted these statements to mislead Plaintiff's prospective customers.

54. In addition, it did so to confuse Plaintiff's potential customers.

55. In addition, NEMTI did so to influence Plaintiff's prospective customers' purchasing decisions.

56. Upon information and belief, NEMTI has not held a single EMT Boot Camp course as of the date of this lawsuit.

57. In or around December 2016, Plaintiff contacted Defendant and informed Defendant of its rights in the National EMS Marks, as well as the likelihood of confusion in the industry because of the Defendant's use of such marks.

58. To date, Defendant has failed to cease and desist infringing upon the National EMS Marks.

59. NEMTI has continued to use the National EMS Marks, despite having notice of its infringing activity, and without authorization or permission from National EMS.

60. Plaintiff has suffered and will continue to suffer serious and irreparable harm because of Defendant's conduct, including harm for which there is no adequate remedy at law.

## LEGAL CLAIMS

### CLAIM 1
### (False Designation of Origin and Unfair Competition – 15 U.S.C. § 1125)

61. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

62. Defendant's use of the National EMS Marks and confusingly similar imitations of such marks has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's services are affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

63. Defendant has used false designations of origin, false or misleading descriptions of fact, and false or misleading representations of fact in violation of 15 U.S.C. § 1125(a).

64. Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception among members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by the National EMS Marks, for which Plaintiff has no adequate remedy at law.

65. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the National EMS Marks to the great and irreparable injury of Plaintiff.

66. Because Defendant has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff, and because this is an exceptional case, Plaintiff is entitled to

injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

**CLAIM 2**
**(False Advertising – 15 U.S.C. §1125)**

67. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

68. Defendant has made a false or misleading description of fact or representation of fact in a commercial advertisement about Defendant's and/or Plaintiff's services.

69. This includes, without limitation, Defendant's advertisements and/or promotions related to its EMT Boot Camp and/or Fast Track programs.

70. It also includes the alleged testimonials of its students referenced above.

71. The misrepresentations are material, in that they are likely to influence Plaintiff's prospective customers' purchasing decisions.

72. The misrepresentations have deceived one or more of Plaintiff's prospective customers.

73. Defendant's misrepresentations have the tendency to deceive a substantial segment of its audience.

74. NEMTI placed the false or misleading statements in interstate commerce.

75. Plaintiff has been or is likely to be injured because of the misrepresentations including, without limitation, by direct diversion of sales or by a lessening of goodwill associated with its services.

**CLAIM 3**
**(Servicemark Infringement – Massachusetts Common Law)**

76. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

77. The National EMS Marks have acquired distinctiveness because they have come to be recognized as a source identifier by the consuming public, who exclusively associate the National EMS Marks with Plaintiff's services.

78. The primary significance of the National EMS Marks is to indicate that Plaintiff is the source of the services.

79. The National EMS Marks are not functional.

80. Plaintiff owned and used the National EMS Marks prior to NEMTI adopting and using its confusingly similar marks.

81. NEMTI's advertising, promotion, and sale of services using marks that are confusingly similar to the National EMS Marks is likely to cause confusion, mistake or deception as to the affiliation, connection or association of NEMTI with Plaintiff and/or as to the origin, source, sponsorship or approval of NEMTI's services/marks.

82. Plaintiff has been and will continue to be damaged by Defendant's conduct.

**CLAIM 4**
**(Servicemark Dilution in Violation of M.G.L. c. 110H, § 13)**

83. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

84. Defendant's unauthorized use of confusingly similar marks to the National EMS Marks will and does dilute the distinctive quality of Plaintiff's valuable common law rights in the marks in violation of M.G.L. c. 110H, § 13.

85. Unless Defendant is enjoined from its wrongful conduct, Plaintiff will continue to suffer irreparable harm to its business reputation and the distinctive quality of its service marks, for which Plaintiff has no adequate remedy at law.

86. Defendant's conduct described above has been willful, reckless, and in violation of Plaintiff's rights.

87. By reason of the acts of Defendant alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer irreparable harm and is entitled to immediate injunctive relief and damages.

**CLAIM 5**
**(Unfair Competition – M.G.L. c. 93A)**

88. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

89. NEMTI is passing off its services as those of Plaintiff.

90. Defendant's unauthorized use of the National EMS Marks is likely to cause confusion, or to cause mistake, or to deceive purchasers and customers as to the source, origin, or sponsorship of Defendant's services.

91. The consuming public is likely to believe Defendant's services originate from, or are sponsored, authorized, or endorsed by or affiliated with Plaintiff when, in fact, they are not.

92. Defendant's unauthorized use of the National EMS Marks has been intentionally, deliberately, willfully, and wantonly undertaken with a view and purpose of trading on and benefiting from the substantial reputation and goodwill associated with the National EMS Marks.

93. Defendant's conduct alleged herein constitutes unfair competition in violation of the common law of the Commonwealth of Massachusetts.

94. As a direct and proximate result of Defendant's unlawful conduct, as herein alleged, Plaintiff has suffered irreparable damage and inherently unquantifiable injury and harm to its business, reputation, and customer goodwill.

95. Upon information and belief, such conduct has caused Defendant to achieve sales and profits to which it is not entitled.

96. Defendant's conduct has caused substantial injury to the public and to Plaintiff and Plaintiff is entitled to injunctive relief, Defendant's profits, and Plaintiff's actual damages, costs, and reasonable attorneys' fees.

**CLAIM 6**
**(Unjust Enrichment)**

97. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

98. Without compensating Plaintiff, Defendant has knowingly benefitted from its unauthorized reproduction of Plaintiff's intellectual property, including its unauthorized use of the National EMS Marks.

99. As a consequence, Defendant has been unjustly enriched at the expense of Plaintiff.

100. Plaintiff has suffered damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff National EMS Institute Inc. requests the following relief:

(a) Enter judgment in favor of Plaintiff with respect to each of the foregoing Causes of Action;

(b) Enjoining Defendants from advertising, promoting, offering for sale or selling any services confusingly similar to the National EMS Marks, pursuant to 15 U.S.C. §1116, M.G.L. c. 93A, §11 and 110H, §13, and Massachusetts common law;

(c) Awarding Plaintiff its actual damages and other monetary relief, including but not limited to Defendant's profits, in an amount to be proven at trial, pursuant to 15 U.S.C. §1117(a), M.G.L. c. 93A, §11 and Massachusetts common law;

(d) Awarding Plaintiff double or treble damages pursuant to M.G.L. c. 93A, §11;

(e) Awarding Plaintiff its costs and attorneys' fees pursuant to 15 U.S.C. §§1117(a) and M.G.L. c. 93A, §11; and

(f) Granting such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff National EMS Institute Inc. demands a trial by jury on all issues triable by right of jury.

Respectfully submitted by,
National EMS Institute Inc.
through its attorneys,

Dated: March 6, 2017

Catherine I. Rajwani (BBO# 674443)
Scott E. Regan (BBO# 681986)
Lucia A. Passanisi (BBO# 691189)
THE HARBOR LAW GROUP
300 West Main Street, Building A, Unit 1
Northborough, MA 01532
Phone: (508) 393-9244
Fax: (508) 393-9245
Email: crajwani@harborlaw.com
Email: regan@harborlaw.com
Email: passanisi@harborlaw.com